UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN D. RIDENOUR,<br><br>           Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>           Defendant. | NO. CV 12-9045-E<br><br><br><br>**MEMORANDUM OPINION** |

**PROCEEDINGS**

Plaintiff filed a Complaint on October 25, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 5, 2012.

///

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

Plaintiff filed a motion for summary judgment on May 28, 2013.[2] Defendant filed a cross-motion for summary judgment on June 26, 2013. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 26, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability since October 6, 2003, based on alleged physical and mental impairments (Administrative Record ("A.R.") 1-1992). Following a previous remand from this Court (A.R. 976-82), the Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and a vocational expert (A.R. 960-74, 1951-92).

The ALJ found Plaintiff has the severe impairments of "cerebral palsy with cognitive delay; diabetes mellitus; status post spinal fusion; and anxiety disorder" (A.R. 965). The ALJ determined that Plaintiff retains the residual functional capacity to lift and carry ten pounds occasionally and five to ten pounds frequently, to stand and walk six hours in an eight hour workday, to sit six hours in an eight hour workday and to perform jobs involving simple repetitive tasks, with certain further limitations (A.R. 968). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform particular jobs existing in significant numbers in the national economy (A.R. 973, 1990-91). The ALJ deemed not credible

---

[2]   Plaintiff's motion violates paragraph VI of this Court's "Order," filed October 26, 2012. Counsel for Plaintiff shall heed the Court's orders in the future.

2

1  Plaintiff's testimony and statements regarding the severity of her
2  alleged symptoms, stating several reasons for this credibility
3  assessment (A.R. 968-71). The Appeals Council denied review (A.R.
4  892-94).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred in finding Plaintiff's testimony not entirely credible.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504

1  F.3d 1028 (9th Cir. 2007) (same).  However, the Court cannot disturb
2  findings supported by substantial evidence, even though there may
3  exist other evidence supporting Plaintiff's claim.  See Torske v.
4  Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S.
5  933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

### DISCUSSION

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[3] legal error.  Plaintiff's contrary contention is unavailing.

An ALJ's assessment of a claimant's credibility is entitled to "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a

///
///

---

[3] The harmless error rule applies to the review of administrative decisions regarding disability.  See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

claimant's testimony where there is no evidence of malingering).[4] Contrary to Plaintiff's arguments, the ALJ stated sufficient reasons for deeming Plaintiff's testimony less than fully credible.

The ALJ properly reasoned that the objective medical evidence did not support a level of physical or mental symptomatology that would prevent Plaintiff from working (A.R. 969-71). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the medical evidence suggests Plaintiff's mental and physical problems have not been, and are not now, as profound as she has claimed (A.R. 354-59, 362-67, 561, 1532-36, 1735, 1831-32, 1890-91).

The ALJ also properly cited inconsistencies in Plaintiff's testimony and statements regarding the extent of her alleged limitations (A.R. 969-70). For example, Plaintiff testified both that she "can't sit for more than 30 minutes" and that she can and does drive a car for 40 minutes at a time (A.R. 1964, 1971). Moreover, Plaintiff admitted in testimony she gave in March of 2007 that her

---

[4] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

May, 2006 back surgery[5] "made the pain a lot easier" and permitted her to "sit <u>without limitation</u>" (A.R. 842-43) (emphasis added).  For further example, Plaintiff both reported that her condition causes her difficulty in grooming and that she has no such difficulty (A.R. 1040-41, 1049, 1060; <u>see also</u> A.R. 113-14 (report from Plaintiff's mother indicating Plaintiff has no problem with Plaintiff's personal hygiene and personal care)).  In evaluating a claimant's credibility, an ALJ properly may consider inconsistencies in the claimant's testimony and statements.  <u>See</u> <u>Molina v. Astrue</u>, 674 F.3d at 1112.  Similarly, a claimant's demonstrated tendency to exaggerate can furnish an adequate reason for rejecting the claimant's credibility.  <u>See, e.g.</u>, <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001); <u>Bickell v. Astrue</u>, 343 Fed. App'x 275, 277-78 (9th Cir. 2009).  At a minimum, it would be reasonable to infer that the inconsistencies in Plaintiff's testimony and statements betray a tendency to exaggerate.

The ALJ also properly cited as a factor undercutting Plaintiff's credibility the fact that she has had no follow-up treatment for her allegedly disabling back pain other than physical therapy (A.R. 969-70, <u>see</u> A.R. 1969).  A conservative course of treatment may discredit a claimant's allegations of disabling symptoms.  <u>See</u> <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any serious

---

[5] In previously remanding this case, the Court indicated that the evidence in the then-existing record did not rule out the possibility that back pain may have disabled Plaintiff from July 3, 2004, through sometime after her May, 2006 surgery (A.R. 981).  In the ensuing administrative decision, however, the ALJ considered and rejected the possibility of a closed period of disability (A.R. 969-70).  The ALJ properly found on the present record that a disabling level of pain never existed for the requisite duration of 12 continuous months (<u>id.</u>).

6

1  medical treatment for [claimant's] supposedly excruciating pain" was
2  adequate reason to reject claimant's pain testimony); Johnson v.
3  Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment
4  can suggest a lower level of both pain and functional limitation,
5  justifying adverse credibility determination); see also Tommasetti v.
6  Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (characterizing physical
7  therapy as conservative treatment).

9      The ALJ also noted some observations in Plaintiff's treatment
10 record which suggest that Plaintiff's pre-surgery pain had not been as
11 significant as she claimed (A.R. 969; see A.R. 567).  A disparity
12 between a claimant's representations and the observations of examiners
13 may properly impeach a claimant's credibility.  See, e.g., Copeland v.
14 Bowen, 861 F.2d 536, 541 (9th Cir. 1988).

16      Finally, the ALJ cited certain inconsistencies between
17 Plaintiff's claimed limitations and her admitted activities (A.R.
18 970).  As the ALJ pointed out, Plaintiff has written letters
19 reflecting a range of grammar and coherence inconsistent with her
20 alleged cognitive limitations (A.R. 970; see A.R. 618-19, 622, 677).
21 The ALJ also pointed out that Plaintiff drives a car on her own, which
22 further suggests she has the mental capacity to perform simple,
23 repetitive tasks (A.R. 970; see A.R. 801, 1981-82).  Inconsistencies
24 between a claimant's testimony and her actions can support the
25 rejection of the claimant's credibility.  See, e.g., Molina v. Astrue,
26 674 F.3d at 1112; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
27 ///
28 ///

2002); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999).[6]

Thus, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).

///
///
///
///
///

---

[6] The ALJ also discerned inconsistencies between Plaintiff's claimed physical limitations and the extent of her physical activities. In the previous remand, this Court found similar inconsistencies insufficient to support the ALJ's prior credibility determination (A.R. 979-80). The Court then acknowledged the difficulty in reconciling particular Ninth Circuit decisions upholding and striking down an ALJ's rejection of a claimant's credibility in reliance on the claimant's daily activities. Compare Burch v. Barnhart, 400 F.3d at 680 with Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) and Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984). Assuming arguendo that the ALJ's partial reliance on this consideration was again improper, the ALJ's present credibility determination nevertheless would stand. Under Carmickle v. Commissioner, 533 F.3d at 1163, the infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain. Independently valid supporting reasons remain in the present case.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 3, 2013.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE